**Smithville.**

WRIGHT-CAESAR TOBACCO COMPANY *v.* A. HOEN & COMPANY.

June 14, 1906.

1. CORPORATIONS—*Change of Name—Identity of Legal Entity—Liability for Debts.*—If an incorporated company contracts a debt, and thereafter, pursuant to a resolution of the board of directors, duly approved by the stockholders, the charter is amended by the State Corporation Commission by simply changing the name of the company, the new company is liable for the debt so contracted aforesaid. The latter company is but a continuation of the former, and the two names are descriptive of the same legal entity. This conclusion is strongly corroborated in the case at bar, by a partial payment made on said debt by the company under its new name.

Error to a judgment of the Law and Equity Court of the city of Richmond, in a proceeding by motion for a judgment. Judgment for the plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*A. B. Dickinson,* for the plaintiff in error.

*C. Ridgway Moore, Isadore Shapiro* and *W. O. Skelton,* for the defendants in error.

KEITH, P., delivered the opinion of the court.

A. Hoen & Company gave notice that they would, on the 30th day of March, 1905, by motion in the Law and Equity

Court of the city of Richmond, ask for judgment against the Surbrug Company and the Wright-Cæsar Tobacco Company, formerly trading as the Wright-Surbrug Tobacco Company, for the sum of $381.22, with interest from May, 1903, until paid. The notice was duly served upon the Surbrug Company; and John Wright, who was the president of the Wright-Surbrug Tobacco Company and also of the Wright-Cæsar Tobacco Company, accepted service for the Wright-Surbrug Tobacco Company.

Upon the trial of the case, the jury found against the Wright-Cæsar Tobacco Company for the amount claimed, and to the judgment upon that verdict the Wright-Cæsar Tobacco Company applied for and obtained a writ of error.

Three grounds of error are alleged, all of which depend upon this proposition: Were the Wright-Surbrug Tobacco Company and the Wright-Cæsar Tobacco Company one and the same company; or was the Wright-Cæsar Tobacco Company a separate and distinct corporation from the Wright-Surbrug Tobacco Company?

The evidence sufficiently proves the account upon which the jury rendered the verdict, and establishes the liability of the Wright-Surbrug Tobacco Company to Hoen & Company. The Wright-Cæsar Tobacco Company contends, however, that it is a corporation altogether distinct from the Wright-Surbrug Tobacco Company, and is not liable for its debts. It presents this defense, first upon a motion to quash the service of the writ upon John Wright, as president of the Wright-Cæsar Tobacco Company.

This individual had been the president of the Wright-Surbrug Tobacco Company, and is also the president of the Wright-Cæsar Tobacco Company. If these two different corporate names represent one and the same legal entity, then the service

upon John Wright, as president, was sufficient to bring the Wright-Cæsar Tobacco Company before the court.

The same question is presented by instructions asked for by the plaintiff in error and refused by the court, the converse of the proposition presented in those instructions being set out in the instructions given on behalf of defendant in error; so that, as we have said, it is only necessary to decide the one question to dispose of the case.

The Wright-Surbrug Tobacco Company made the contract with Hoen & Company upon which this suit was brought. The contract was made in August, 1903, and a part of the goods which were the subject of that contract were delivered in that month. Upon this bill of goods payments were made by the Wright-Surbrug Tobacco Company in November, 1903, and in February, 1904. There was a contract between the Surbrug Company and the Wright-Surbrug Tobacco Company, by which the latter bound itself to discontinue the use of the word "Surbrug" in its corporate name, and not to use it in connection with its business, after the termination of an agreement between the Surbrug Company and the Wright-Surbrug Tobacco Company, dated January, 1903, and which was to continue for one year, and from year to year after that until one of the parties should give notice of its election to terminate the contract, in which event it should terminate at the expiration of sixty days from the date of mailing such written notice. This notice was given by the Surbrug Company on the 28th of September, 1903, and on the 24th day of December, 1903, the board of directors of the Wright-Surbrug Tobacco Company adopted a resolution declaring it to be advisable to change the name of that corporation to the "Wright-Cæsar Tobacco Company," and a meeting of the stockholders of the company was called to meet at its office in the city of Richmond on the 24th day of December, 1903, at 4 o'clock P. M., to take action on the resolution of the board of

directors. "And all the stockholders, having been notified in person, attended at the said time and place, and each and all of the stockholders of said company, being present in person or by proxy, representing $10,700.00 of the stock, it was unanimously agreed to change the name of the company to 'The Wright-Cæsar Tobacco Company,' as recommended by the board of directors as aforesaid. The resolution passed by the stockholders at said meeting was in the following words: 'Resolved, That the action of the board of directors of The Wright-Surbrug Tobacco Company, at a meeting held on the 24th day of December, 1903, declaring it to be advisable to change the name of said company to that of The Wright-Cæsar Tobacco Company, is hereby ratified and approved.'

"(Signed)    J. WRIGHT, President.

"Attest: JNO. L. CURLEY, Secretary."

Then follows the certificate of the notary:

"State of Virginia, City of Richmond—to-wit:

"I, Otis P. Walker, a notary public for the city aforesaid, in the State of Virginia, do hereby certify that J. Wright, president, and Jno. L. Curley, secretary, whose names are signed to the foregoing writing (to which is affixed the corporate seal of The Wright-Surbrug Tobacco Company), have this day acknowledged said signatures before me in my corporation aforesaid.

"Given under my hand this 7th day of January, 1904.

"My term of office expires July 12, 1906.

"OTIS P. WALKER, Notary Public."

That paper was presented to the Corporation Commission, which entered the following order:

"City of Richmond, 8th day of January, 1904. The accompanying certificate for an amendment to the charter of the Wright-Surbrug Tobacco Company, made in accordance with law, by J. Wright, president of said company, under the seal of said corporation, attested by Jno. L. Curley, its secretary, and duly acknowledged by them, having been presented to the State Corporation Commission, and the fee, if any, required by law upon said amendment having been paid, the State Corporation Commission having examined said certificate, now declares that the said corporation, The Wright Surbrug Tobacco Company, has complied with the requirements of law, and is entitled to the amendment or alteration of its charter set forth in said certificate changing its name to The Wright-Cæsar Tobacco Company. And it is, therefore, ordered that the charter of The Wright-Surbrug Tobacco Company, a corporation created by the Circuit Court of the city of Richmond, be and the same is amended and altered in the manner and for the purpose set forth in said certificate, to the same extent as if the same were now herein transcribed in full, pursuant to the provisions of an act of the General Assembly of Virginia, entitled 'An act concerning corporations,' which became a law the 21st day of May, 1903.

"And said certificate, with this order, is hereby certified to the Secretary of the Commonwealth for record.

"(Signed)    BEVERLEY T. CRUMP.    (Seal.)
"Chairman."

"Commonwealth of Virginia, Office of Secretary of the Commonwealth:

"In the city of Richmond, the 8th day of January, 1904. The foregoing amendment to the charter of The Wright-Surbrug Tobacco Company was this day received and duly recorded in

·this office, and is hereby certified to the clerk of the Circuit Court of Richmond according to law.

"(Signed)   D. Q. EGGLESTON,
"Secretary of the Commonwealth."

It further appears that on August 15, 1904, eight months after the charter was amended, changing the name of the corporation from The Wright-Surbrug Tobacco Company to The Wright-Cæsar Tobacco Company, a payment was made by the Wright-Cæsar Tobacco Company upon the amount due from the Wright-Surbrug Tobacco Company to Hoen & Company, which is credited upon the account upon which this suit was brought.

John Wright testified for the defendant, that the witness' "wife, son and Gerhard Cæsar and others owned the entire stock ·of The Wright-Cæsar Tobacco Company, and that not a dollar ·of the capital of The Wright-Surbrug Tobacco Company was interested in the Wright-Cæsar Tobacco Company"; and that Mr. Surbrug had no stock in, nor was he an officer of, the Wright-Surbrug Tobacco Company.   Witness further testified that he is the same person who, as president, acknowledged before a notary public the certificate of amendment to the charter ·of The Wright-Surbrug Tobacco Company, and who is president of said Wright-Cæsar Tobacco Company.

We are of opinion that the documentary evidence is complete and conclusive of the question at issue, and that if the jury had found that the two names, The Wright-Surbrug Tobacco Company and The Wright-Cæsar Tobacco Company, referred to two separate and distinct corporations, it would have been the duty ·of the court to set the verdict aside.   In other words, that the ·evidence before the jury, which was documentary in its char-·acter, left no room for reasonable doubt that the Wright-Cæsar

Tobacco Company was but a continuation of the corporation known as the Wright-Surbrug Tobacco Company. Its charter was amended in accordance with a binding contract which it had entered into with the Surbrug Company to change its name upon the termination of its contract with that company, and to omit the word "Surbrug" from its corporate name. In accordance with this obligation its board of directors determined to adopt the name of The Wright-Cæsar Tobacco Company; the stockholders ratified the action of the board of directors; the Corporation Commission certified an amendment and alteration only in the name of the corporation; and the subsequent act of the corporation, under its new name, in making the payment upon the debt which it had contracted under its former name is strong corroboration of the fact that the two names were descriptive of one and the same legal entity.

Plaintiff in error also excepts to the giving of instruction "B" in lieu of its instruction No. 2.

The instruction offered by it was properly refused for the reason already assigned with respect to instruction No. 1, for it is predicated upon the separate identity of the Wright-Surbrug Tobacco Company, the name of which, as we have seen, was changed and its corporate existence continued under the name of the Wright-Cæsar Tobacco Company. Nor do we think that there was any error in instruction "B," which the court gave; and which is in the following words:

"If the jury believe from the evidence that 'The Surbrug Tobacco Company' ordered the goods and they were furnished to it, or the lithographing was done, then 'The Surbrug Tobacco Company' is liable to the demand of the plaintiff and not 'The Wright-Cæsar Tobacco Company,' the amended name of 'The Wright-Surbrug Company.' "

This instruction left it to the jury to say whether the Surbrug Company or the Wright-Cæsar Tobacco Company was responsible for the goods, and its verdict is conclusive of the question of fact.

Upon the whole case we are of opinion that the judgment of the Law and Equity Court should be affirmed.

*Affirmed.*